IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARTINA ORTIZ                      §
                                   §
        Plaintiff,                 §
                                   §
VS.                                §        NO. 3-11-CV-2131-N-BD
                                   §
WELLS FARGO BANK, N.A.             §
                                   §
        Defendant.                 §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a renewed Rule 12(b)(6) motion

to dismiss this *pro se* civil action brought by plaintiff to determine the validity of a Deed of Trust

and "whether Defendant has standing to bring forth remedies" with respect to certain real property.

(*See* Plf. Compl. at 1). As best the court understands her claim, plaintiff appears to allege that

defendant lacks standing to enforce unspecified rights relating to the subject property because it

cannot produce the "original unaltered wet ink signature promissory note[.]" (*Id.*). Defendant now

moves for dismissal on the ground that plaintiff has failed to state a claim upon which relief can be

granted. Plaintiff was ordered to file a response to the motion by October 14, 2011, but failed to do

so. The court therefore considers the motion without a response.

A district court may dismiss a complaint for failure to state a claim "only if it appears that

no relief could be granted under any set of facts that could be proven consistent with the allegations."

*Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v.

Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795

(1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974,

167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief

above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief

is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not

'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

Judged against this standard, the court determines that plaintiff has failed to state a plausible

claim for relief. In fact, an identical complaint filed by another *pro se* litigant was dismissed at the

pleading stage in *Williams v. Wells Fargo Home Mortgage*, No. 3-11-CV-467-B, 2011 WL 2006307

at *2 (N.D. Tex. May 20, 2011). There, as here, the plaintiff demanded proof that Wells Fargo

possessed the original promissory note and other documents relating to certain real property.

Without those documents, plaintiff maintained that the bank was prohibited from foreclosing on the

subject property. *See Williams*, 2011 WL 2006307 at *2. In dismissing plaintiff's complaint, the

court explained,

> [T]he Court cannot ascertain what basis under Texas or federal law
> Plaintiff attempts to base his claims for relief upon. Nor after
> extensive research has the Court been able to find any cognizable
> basis for the relief Plaintiff requests. From the cursory details in the
> pleadings, Plaintiff might simply be requesting a verification of debt
> as provided for by Texas consumer law (but as to which a lawsuit
> does not appear to be the proper avenue of making the request) or he
> might be going much further, in fact attempting to assert claims of
> wrongful foreclosure or unfair debt collection. The Court simply

> cannot ascertain whether Plaintiff's claims are even the subject of a
> case or controversy for the Court to decide.

*Id.*

This court has repeatedly held that vague allegations involving the failure to produce an original promissory note are insufficient to state a claim under Texas law. *See Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-G-BD, 2011 WL 2516169 at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. Jun. 22, 2011) (citing cases). Plaintiff has not cited to any statute or other authority that requires a mortgagee or mortgage servicer to produce the original note. To the contrary, the Texas Property Code allows either a mortgagee or mortgage servicer to administer a deed of trust foreclosure *without* production of the original note. *Id.*, *citing* TEX. PROP. CODE ANN. §§ 51.002, 51.0025 (Vernon 2007); *see also Broyles v. Chase Home Finance*, No. 3-10-CV-2256-G, 2011 WL 1428904 at *3 (N.D. Tex. Apr. 13, 2011); *Crear v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0463-N, Mag. J. F&R at 4-5 (N.D. Tex. Jul. 22, 2010), *rec. adopted*, (N.D. Tex. Aug. 19, 2010), *aff'd*, No. 10-10875, 2011 WL 1129574 (5th Cir. Mar. 28, 2011); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010). Plaintiff's vague, generalized, and conclusory allegations are insufficient to avoid dismissal under Rule 12(b)(6).

## RECOMMENDATION

Defendant's renewed Rule 12(b)(6) motion to dismiss [Doc. #7] should be granted. This case should be dismissed with prejudice.[1]

---

[1] Ordinarily, the court would allow plaintiff to amend her complaint in an attempt to cure the pleading defects identified by defendant. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). Here, plaintiff was granted leave to amend her current pleading to correct the

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 21, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

deficiencies identified by defendant in a prior Rule 12(b)(6) motion, but failed to do so. The court therefore determines that plaintiff has pled her best case.